IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALBUQUERQUE PUBLIC SCHOOLS,**

    Plaintiff,

v.                                                   **CV 19-1126 JFR/JHR**

**AGATHA COOPER and
MALCOLM COOPER, as parents of
Student,**

    Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held telephonically on March 10, 2020 at 1:30 and was attended by:

Evelyn Howard-Hand for Plaintiff, Albuquerque Public Schools ("APS"); and

Gail Stewart for Defendants, Agatha Cooper and Malcolm Cooper, as parents of J.N., Student.

## NATURE OF THE CASE

This is an appeal of an administrative due process hearing pursuant to the Individuals with Disabilities Education Act (20 U.S.C. § 1415(i)(2)(A)). A district court's review of a SEHO's decision is a modified *de novo* review. *Garcia v. Board of Education of Albuquerque Public Schools*, 520 F.3d 1116, 1125 (10th Cir. 2008).

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff will have until April 20, 2020 to amend its pleadings.

Defendants will have until May 5, 2020 to amend their Answer.

*Version 3: December 2009*

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter for claims.

The parties are willing to further stipulate to the following facts:

1. J.N. is eligible for special education under the Individuals with Disabilities Education Act ("IDEA") to receive special education and related services.

2. Defendants Agatha Cooper and Malcolm Cooper (Parents) and their son, J.N. live in Albuquerque, New Mexico.

3. Albuquerque Public Schools is J.N.'s Local Educational Agency ("LEA").

4. Parents filed a Request for IDEA due process hearing against the LEA on April 11, 2019, Public Education Department Docket No. 1819-23 ("DPH Proceeding").

5. The Due Process Hearing evidentiary hearing proceeded against the LEA on June 25, July 15-19, and August 16, 19, 23, 2019.

6. The Special Education Hearing Officer ("SEHO") entered a decision finding in favor of Parents on November 4, 2019 ("SEHO Decision").

7. The LEA timely appealed the SEHO's Decision.

8. Parents did not appeal the SEHO's Decision, but did file a Complaint to remedy Disability Discrimination in public education seeking damages under federal and state law and IDEA civil action for fees in docket No. 19-cv-1141 SCY/SMV, seeking in part recovery of attorneys' fees in the underlying DPH Proceeding.

*Version 3: December 2009*

The parties further stipulate and agree that the law governing this case is: Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.*

## PLAINTIFF ALBUQUERQUE PUBLIC SCHOOLS' CONTENTIONS

APS contends that the SEHO lacked erred as a matter of law in placing the burden of proof on APS. APS further contends that the SEHO made findings against APS based on lack of specific recall rather than actual evidence. The SEHO's findings of fact are erroneously based on her recollection from the DPH hearing with little to no review of the exhibits introduced into evidence and the transcript of the hearing. The SEHO's finding of fact and conclusions of law adverse to APS in the DPH Proceeding (including but not limited to those related to APS's "child find" obligations, staff training, the appropriateness of the Tier 2 interventions, the implementation of the Tier 2 interventions, the requirements under the IDEA for APS to provide Defendants with prior written notice that it was gathering the necessary information to complete the referral of Student for a special education evaluation, APS's obligations related to the provision of FAPE to the Student, the need for an FBA and/or a BIP, the implementation of Student's IEP, the minimal impact on the provision of FAPE created by two days when the SCS2 teacher was out of the classroom, and restraint) are clearly erroneous, contrary to established law, and unsupported by a preponderance of evidence contained in the Administrative Record. The SEHO erred as a matter of law in ordering the remedy set forth in the "reward for relief" 1.j. for a non-substantive error and ordering APS to comply with a procedural requirement not established by 34 C.F.R. §§ 300.500 – 300.536.  124.    The SEHO's Decision awarding relief for IDEA "violations" "that will continue to exist without an appropriate administrative order" is clearly erroneous, as any issue as to whether or not any violations of the IDEA may occur in the future are not ripe for review and were not properly before the SEHO. Thus, the SEHO did not have jurisdiction to award relief for any alleged future violations.

*Version 3: December 2009*

## PARENTS' CONTENTIONS:

Parents contend that the Due Process Hearing decision correctly determined that APS denied J.N. a free appropriate public education (FAPE). The findings are supported by the administrative due process hearing record; interpretation and application of IDEA was consistent with the text of IDEA, the intent of IDEA and judicial decisions interpreting IDEA. Parents contend that the decision of the DPHO should be affirmed in whole. Equitable remedy ordered was within the DPHO's discretion and was appropriate under all the circumstances; remedy ordered should be affirmed.

## PROVISIONAL DISCOVERY PLAN

The parties jointly agree that no discovery is needed. This is an appeal on an administrative record.

Additional Evidence: The parties will have until June 2, 2020 to file motions for admission of additional evidence.

The parties propose the following briefing schedule:

APS's Brief in Chief due thirty days after the ruling on any motion for additional evidence, or if no motion for additional evidence is filed, by September 14, 2020.

Defendants' Response brief due thirty days after APS's Brief in Chief is filed.

APS's Reply brief due thirty days after Defendants' response brief.

## PRETRIAL MOTIONS

N/A

## ESTIMATED TRIAL TIME

N/A

*Version 3: December 2009*

## SETTLEMENT

The parties have engaged in mediation.  The possibility of settlement in this case is considered unlikely.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

                APPROVED WITHOUT EXCEPTIONS
                (note exceptions above)

                /s/ Evelyn Howard-Hand

                Evelyn Howard-Hand,
                Attorney for Plaintiff


                /s/  Gail Stewart

                Gail Stewart, Attorney for Defendants