IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALBUQUERQUE PUBLIC SCHOOLS,

    Plaintiff,

v.                                                                                                              CV 19-1126 KG/JHR

AGATHA COOPER and
MALCOLM COOPER, as parents of Student,

    Defendants,

and

AGATHA and MALCOLM COOPER, Parents,
individually, and on behalf of J.N., Student,

    Plaintiffs,

v.                                                                                                              CV 19-1141 SCY/SMV

BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS and NEW MEXICO PUBLIC
EDUCATION DEPARTMENT,

    Defendants.

## ORDER REFERRING CASES FOR JOINT FAIRNESS HEARING

This matter comes before Court *sua sponte*. Albuquerque Public Schools ("APS") filed a Complaint on December 3, 2019 pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 *et seq.*, challenging, as legally erroneous and unsupported by the evidence, a portion of the findings and decision of a Special Education Hearing Officer for the State of New Mexico which was favorable to the Coopers' minor child ("student"). [*See* Doc. 1 in CV 19-1126 KG/JHR]. The next day the Coopers filed suit against APS and the New Mexico Public Education Department premised on the same findings and decision, claiming disability

1

discrimination in public education and seeking damages under federal and state law as well as their attorney's fees for the IDEA proceeding. [*See* Doc. 1 in CV 19-1141 SCY/SMV].

APS and the Coopers recently notified the Court that they have reached a global settlement of all claims and defenses pertaining to those parties raised in the captioned cases (the Coopers' claims against the Public Education Department in CV 19-1141 SCY/SMV remain pending subject to resolution of the Department's Motion to Dismiss). Shortly thereafter District Judge Gonzales appointed Gabrielle Valdez to act as guardian *ad litem* and review the fairness of the settlement to student in the first case. [*See* Doc. 22 in CV 19-1126 KG/JHR]. Then, at a status conference Magistrate Judge Ritter suggested, and the settling parties agreed, that it would be most efficient for Ms. Valdez to review the settlement between APS and the Coopers in both cases and for the Court to hold a single fairness hearing at which she will make a recommendation, since the parties intend any settlement to be global as to APS and the Coopers. [*See* Doc. 23 in CV 19-1126 KG/JHR; Doc. 45 in CV 19-1141 SCY/SMV]. Magistrate Judge Ritter conferred with the presiding judges in both cases (District Judge Gonzales and Magistrate Judge Yarbrough), who agreed to refer both cases to Judge Ritter for analysis of the settlement after Ms. Valdez has time to prepare her report.

Therefore, in accordance with the provisions of 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), this case is referred to Magistrate Judge Jerry H. Ritter to conduct a single fairness hearing that will inform the presiding judges' decision in both cases as to whether to approve the parties' global settlement. Magistrate Judge Ritter will perform any legal analysis required to recommend to the Court an ultimate disposition of the cases and will submit an analysis, including findings of fact, if necessary, and recommended disposition, to presiding Judges Gonzales and Yarbrough, with copies provided to

the parties. The parties will be given the opportunity to object to the proposed findings, analysis, and disposition as described in 28 U.S.C. § 636(b)(1). Objections must be filed within fourteen (14) days after being served with a copy of the proposed disposition.

SO ORDERED.

_____
HON. KENNETH J. GONZALES
U.S. DISTRICT JUDGE

_____
HON. STEVEN C. YARBROUGH
U.S. MAGISTRATE JUDGE